BRYANT, Judge.
Pursuant to N.C. Gen.Stat. § 14-208.40B(c), a defendant who commits the aggravated offense of second-degree rape is required to submit to lifetime satellite-based monitoring.
On 25 April 2007, defendant James Aubrey Featherstone pled guilty to two counts each of second-degree rape and second-degree sexual offense. On 27 May 2014, defendant appeared in court for continuation of a hearing to determine whether he should be enrolled in satellite-based monitoring ("SBM") and, if so, for what period of time. At the conclusion of the hearing, the trial court found that defendant had been convicted of an aggravated offense, namely, second-degree rape. The trial court ordered defendant to enroll in SBM for a period of thirty years. Defendant appeals.
_________________________
In his sole issue on appeal, defendant contends the trial court erred by not requiring him to enroll in lifetime SBM. Specifically, defendant argues that the trial court was required to order lifetime SBM if it found that defendant had been convicted of an aggravated offense. We agree.
Second-degree rape is a reportable aggravated offense. State v.. McCravey,203 N.C.App. 627, 641, 692 S.E.2d 409, 420 (2010). If the trial court finds that the offender committed an aggravated offense, it "shall order the offender to enroll in satellite-based monitoring for life." N.C. Gen.Stat. § 14-208.40B(c) (2013). Upon satisfaction of certain conditions, an offender who is required to submit to lifetime SBM "may file a request for termination of monitoring requirement" with the Post-Release Supervision and Parole Commission ("the Commission"). Id.§ 14-208.43(a). The statute governing termination of monitoring provides that "[t]he Commission shall not consider any request to terminate a monitoring requirement except as provided by this section." Id.§ 14-208.43(e). There is no statutory provision to permit an offender to seek termination of monitoring when SBM is ordered for a finite term of years. State v. Morrow,200 N.C.App. 123, 133, 683 S.E .2d 754, 762 (2009).
In the instant case, the trial court found that defendant had committed the offense of second-degree rape and ordered defendant to enroll in SBM for a period of thirty years. The State concedes that the trial court erred in not ordering defendant to be enrolled in lifetime SBM, and agrees with defendant that the order should be vacated and the matter remanded for a new hearing at which the trial court can order enrollment for life as required by N.C. Gen.Stat. § 14-208.40B(c).
Accordingly, we vacate the order and remand for a new hearing.
VACATED AND REMANDED.
Judges DIETZ and TYSON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from order entered 27 May 2014 by Judge G. Wayne Abernathy in Alamance County Superior Court. Heard in the Court of Appeals 1 June 2015.